IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01380-PAB-SBP

MEHRNAZ NIKNAM, a U.S. Citizen,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,
U.S. EMBASSY IN ANKARA, TURKEY,
ANTONY BLINKEN, United States Secretary of State, and
JEFFRY L. FLAKE, Ambassador of the United States at the U.S. Embassy in Ankara, Turkey,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the Motion to Dismiss [Docket No. 9], filed by defendants United States Department of State (the "State Department"); United States Embassy in Ankara, Turkey; Secretary of State Antony Blinken; and Ambassador Jeffry Flake (collectively, the "defendants"). Plaintiff Mehrnaz Niknam filed a response, Docket No. 13, and defendants filed a reply. Docket No. 14.

**I.    BACKGROUND**[1]

Plaintiff Mehrnaz Niknam is a citizen of the United States. Docket No. 1 at 2, ¶ 1. Plaintiff's sister, Mehrnoush Niknam, is a citizen of Iran and currently resides in Tehran, Iran. *Id.*, ¶ 2. Mehrnoush Niknam's spouse, Atabak Arshadi, and son, Bardia Arshadi,

---

[1] The following facts are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true for the purpose of ruling on defendants' motion to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

are also citizens of Iran. *Id.* at 3-4, ¶¶ 10, 12. Iran is a predominately Muslim country. *Id.* at 4, ¶ 12.

On June 13, 2005, Ms. Niknam filed an I-130 relative visa petition with the United States Citizenship and Immigration Services ("USCIS") for Mehrnoush Niknam, Atabak Arshadi, and Bardia Arshadi. *Id.*, ¶¶ 13, 15. Mehrnoush Niknam is the principal beneficiary on the I-130 visa petition and Atabak Arshadi and Bardia Arshadi are derivatives. *Id.* at 3, ¶ 10. Ms. Niknam paid all applicable filing and visa fees. *Id.* at 4, ¶ 14.

On September 2, 2009, USCIS approved Ms. Niknam's I-130 relative visa petition. *Id.*, ¶ 15. The case was then sent to the State Department's National Visa Center ("NVC") and assigned a case number. *Id.*, ¶ 16. Upon plaintiff's information and belief, NVC completed its processing of the case and sent the case to the U.S. Embassy in Ankara, Turkey for an interview. *Id.*[2] Defendants have not conducted an interview of or issued a decision on the case involving Mehrnoush Niknam, Atabak Arshadi, and Bardia Arshadi. *Id.*, ¶¶ 17-18. Ms. Niknam has contacted the embassy multiple times to obtain a decision. *Id.*, ¶ 19.

The Department of Homeland Security ("DHS") has an internal policy known as the Controlled Application Review and Resolution Program ("CARRP") to adjudicate immigration applications that present potential national security concerns. *Id.* at 5, ¶¶ 25, 28. USCIS data reveals that more than 19,000 people from twenty-one Muslim majority countries were subjected to CARRP between 2008 to 2012. *Id.* at 6, ¶ 30.

---

[2] Ms. Niknam does not allege a specific date when NVC sent the case to the U.S. Embassy in Ankara, Turkey.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then

3


plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. Federal Rule of Civil Procedure 12(b)(1)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### C. Standing

To establish Article III standing, a plaintiff must allege "that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997)). In order to show the first element of

standing, a plaintiff must show she has "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("Injury in fact is a constitutional requirement."). An injury is particularized if it affects the plaintiff in "a personal and individual way." *Spokeo,* 578 U.S. at 339 (citation omitted). "A 'concrete' injury must be 'de facto'; that is, it must actually exist;" it must be "real," not "abstract." *Id.* at 340. Furthermore, "[a] federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury.'" *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

### III.  ANALYSIS

Defendants have filed a motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 9.

#### A.  First Claim

Ms. Niknam's first cause of action asserts a claim under the Administrative Procedure Act ("APA") for "Agency Action Unlawfully Withheld and Unreasonably Delayed." Docket No. 1 at 4-7, ¶¶ 20-34. Defendants argue that the Court should dismiss Ms. Niknam's APA claim for unreasonable delay under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject-matter jurisdiction over this claim. Docket No. 9 at 4. To the extent that Ms. Niknam's first claim alleges that defendants intentionally delayed adjudication under CARRP, defendants argue that the Court should dismiss this claim

5

under Fed. R. Civ. P. 12(b)(1) because Ms. Niknam lacks standing to assert a CARRP-related claim. *Id.* at 12.

### 1) APA Claim for Unreasonable Delay

The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a "claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); *see also Butanda v. Wolf*, 516 F. Supp. 3d 1243, 1247 (D. Colo. 2021). "Subject matter jurisdiction over claims under the APA for unreasonable delay in agency action require[s] plaintiffs to establish that the government has a 'specific, non-discretionary duty' to act." *Khan v. Bitter*, 2023 WL 6311561, at *3 (N.D. Ill. Sept. 28, 2023) (citations and alterations omitted*); see also Prince v. Blinken*, 2023 WL 5670158, at *4 (N.D. Ind. Aug. 31, 2023); *Ali v. U.S. Dep't of State*, 2023 WL 3910249, at *5 (E.D.N.C. June 8, 2023).

Defendants argue that the Court lacks subject-matter jurisdiction over Ms. Niknam's APA claim for unreasonable delay because Ms. Niknam has not identified that defendants have a mandatory, non-discretionary duty to schedule her sister's visa interview. Docket No. 9 at 4-5. Ms. Niknam responds that "[c]ase law indisputably notes that USCIS has a 'ministerial, nondiscretionary duty to adjudicate' immigration petitions 'within a reasonable time.'" Docket No. 13 at 6 (quoting *Elmalky v. Upchurch*, 2007 WL 944330, at *6 (N.D. Tex. 2007)). Ms. Niknam asserts that the Court has subject-matter jurisdiction because "Defendants have a nondiscretionary duty to adjudicate Plaintiff's sister's visa application in a timely manner and in order to make a

decision, the consular officer must conduct an interview first." *Id.* at 7. The complaint also asserts that 5 U.S.C. § 555(b) creates a non-discretionary duty in this case. Docket No. 1 at 4-5, ¶ 21.[3]

The Court finds that Ms. Niknam has failed to establish that defendants have a specific, nondiscretionary duty to schedule her sister's visa interview. Numerous courts have concluded that State Department officials do not have a mandatory, non-discretionary duty to schedule a visa interview for a family-based visa petition. *See, e.g., Ali*, 2023 WL 3910249, at *5 (holding that the court lacked jurisdiction to review plaintiff's APA claim for unreasonable delay in scheduling a visa interview "because 8 U.S.C. § 1202(b) and 5 U.S.C. 555(b) do not create specific, non-discretionary duties"); *Prince*, 2023 WL 5670158, at *3-5 (holding that "the scheduling of visa application interviews is a discretionary function of State Department officials" and therefore the court lacked jurisdiction over plaintiffs' APA claim); *Mueller v. Blinken*, 2023 WL 4759245, at *2-5 (E.D. Va. July 17, 2023) (holding that 8 U.S.C. §§ 1202(b), 1153(e), and 1154(b), as well as 22 C.F.R. § 42.81(a), do "not impose a specific, nondiscretionary duty on the Department of State to act on the plaintiffs' visa request"); *Avagyan v. Blinken*, 2022 WL 19762411, at *4 n.2 (D.D.C. Sept. 29, 2022) ("Plaintiffs' withholding, delay, and mandamus claims fail in any event because the Department

---

[3] Although it is unclear, Ms. Niknam appears to argue that she has a claim under the Mandamus Act, 28 U.S.C. § 1361. *See* Docket No. 13 at 6. However, the complaint does not assert a claim under the Mandamus Act. *See* Docket No. 1. Ms. Niknam cannot amend her complaint through her response to defendants' motion to dismiss. *See Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint)). Accordingly, the Court will not consider Ms. Niknam's arguments regarding a claim under the Mandamus Act.

does not have a mandatory, nondiscretionary duty to interview them and adjudicate their applications"); *Khan*, 2023 WL 6311561, at *3 (concluding that "the weight of caselaw" holds that the State Department does not have a "clear, nondiscretionary duty to schedule [an] interview" for family-based visa petitions); *Khalili-Araghi v. Bitter*, 2023 WL 5988590, at *4-5 (N.D. Cal. Sept. 13, 2023) (holding that 8 U.S.C. § 1202(b) and 22 C.F.R. § 42.81(a) do not create a clear, non-discretionary duty for "the State Department to conduct a consular interview"); *Farooq v. Blinken*, 2023 WL 5658357, at *4 (C.D. Cal. Aug. 11, 2023) (dismissing APA claim for unreasonable delay in scheduling a visa interview because plaintiff did not identify any "discrete agency action" that the State Department was required to take).

The Court rejects Ms. Niknam's assertion that 5 U.S.C. § 555(b) imposes a nondiscretionary duty to schedule a visa interview.  Section 555(b) provides that "each agency shall proceed to conclude a matter presented to it."  *See* 5 U.S.C. § 555(b). Section 555(b), however, does not create a specific, non-discretionary duty for defendants to act because that provision  "merely restates a principle of good administration."  *Ali*, 2023 WL 3910249, at *5 (quoting Attorney General's Manual on the Administrative Procedure Act 65 (1947)).  Ms. Niknam identifies no other statute or regulation that establishes a clear, nondiscretionary duty for State Department officials to schedule visa interviews for a family-based visa petition.[4]  Ms. Niknam has "[t]he burden of establishing subject matter jurisdiction" because she is "the party asserting jurisdiction."  *See Port City Props.*, 518 F.3d at 1189.  Accordingly, because Ms. Niknam has failed to identify that the State Department has a clear, nondiscretionary duty to

---

[4] The Court finds that Ms. Niknam's cited cases involving USCIS are distinguishable because USCIS is not a defendant in this case.

8

schedule her sister's visa interview, the Court finds that it lacks jurisdiction to review the APA claim for unreasonable delay. *See Ali*, 2023 WL 3910249, at *5; *Prince*, 2023 WL 5670158, at *5. The Court therefore grants this portion of defendants' motion and dismisses the APA unreasonable delay claim without prejudice.[5] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (when a court dismisses a claim for lack of jurisdiction, the dismissal "must be without prejudice").

### 2) APA Claim Related to CARRP

Defendants argue that Ms. Niknam lacks standing to assert a CARRP-related APA claim because her complaint does not plausibly allege an injury in fact related to CARRP. Docket No. 9 at 12-13. Defendants argue that Ms. Niknam's allegation that defendants applied CARRP to her sister's visa case is conclusory and speculative. *Id.* at 13. Furthermore, defendants argue that CARRP is a DHS policy, and Ms. Niknam is suing the State Department and its officials. *Id.* Ms. Niknam responds that the complaint provides "specific, detailed allegations of Defendants' use of CARRP in delaying her sister's application." Docket No. 13 at 12 (citing Docket No. 1 at 5-6, ¶¶ 25-30). Ms. Niknam argues that the State Department "regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing." *Id.* (citing Docket No. 1 at 5, ¶ 24).

Ms. Niknam's complaint states that, "[o]n information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response to the [State Department] in

---

[5] Defendants alternatively argue that the Court should dismiss the APA claim for unreasonable delay under Fed. R. Civ. P. 12(b)(6) because there has been no unreasonable delay in scheduling the interview. Docket No. 9 at 7-12. Because the Court finds that it lacks jurisdiction to consider this claim, the Court declines to reach this argument.

regard to Mehrnoush Niknam's, Atabak Arshadi's and Bardia Arshadi's visa application pursuant to the CARRP program. Plaintiff alleges that this delay is due to their family being from a predominantly Muslim country." Docket No. 1 at 5, ¶ 26. The Court finds that these vague and conclusory allegations, devoid of any facts, do not support an inference that CARRP was applied in processing Mehrnoush Niknam's, Atabak Arshadi's, and Bardia Arshadi's case. *See Alshawy v. U.S. Citizenship & Immigr. Servs.*, 2022 WL 970883, at *4 (D.D.C. Mar. 30, 2022). "With nothing more than Plaintiff's speculation that CARRP contributed to the delay that she is experiencing, *see Twombly*, 550 U.S. at 555, [plaintiff] lacks standing to challenge CARRP because she cannot demonstrate that she has 'suffered an injury-in-fact as a result of the policy.'" *Id.* Other courts have found that nearly identical, conclusory allegations were insufficient to establish standing to challenge CARRP. *See, e.g., id.*; *Ali*, 2023 WL 3910249, at *3; *Nusrat v. Blinken*, 2022 WL 4103860, at *3 (D.D.C. Sept. 8, 2022); *Begum v. U.S. Dep't of State*, 2022 WL 16575703, at *4-5 (D. Md. Oct. 31, 2022); *Akrayi v. U.S. Dep't of State*, 2023 WL 2424600, at *5-6 (D.D.C. Mar. 9, 2023); *Eljalabi v. Blinken*, 2022 WL 2752613, at *4 (D.D.C. July 14, 2022); *Ahmed v. U.S. Dep't of Homeland Sec.*, 2022 WL 424967, at *4 (D.D.C. Feb. 11, 2022). Accordingly, the Court grants this portion of defendants' motion and dismisses Ms. Niknam's CARRP-related claim without prejudice due to lack of standing. *See Brereton*, 434 F.3d at 1216 (when a court dismisses a claim for lack of standing, the dismissal "must be without prejudice").

### B. Second Claim

Ms. Niknam's second claim asserts that defendants have violated plaintiff's Fifth Amendment due process rights by failing to adjudicate the visa application. Docket No.

1 at 7, ¶¶ 35-38; *see also* Docket No. 13 at 14.  The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.  "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision."  *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).  It is unclear whether Ms. Niknam's complaint asserts a substantive or procedural due process claim.  However, in order to state a violation of either substantive due process or procedural due process, a plaintiff must allege deprivation of a protected property or liberty interest.  *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

      Defendants argue that the Court should dismiss Ms. Niknam's due process claim because she has failed to allege a protected property or liberty interest.  Docket No. 9 at 14.  Defendants assert that Ms. Niknam has no protected interest to reside in the United States with her foreign citizen family members.  *Id.* (citing *Khachatryan v. Blinken*, 4 F.4th 841, 860 (9th Cir. 2021)).  Defendants state that many courts have rejected claims alleging similar due process violations.  *Id.* at 15 (citing *Begum*, 2022 WL 16575703, at *9; *Alshawy*, 2022 WL 970883, at *7-8; *Mahmood v. U.S. Dep't of Homeland Sec.*, 2021 WL 5998385, at *10 (D.D.C. Dec. 20, 2021)).  Ms. Niknam responds that a U.S. citizen has a protected liberty interest in the adjudication of a relative's visa application.  Docket No. 13 at 14.  Ms. Niknam cites several cases in support of her argument, including *Cruz v. Sullivan*, 802 F. Supp. 1015, 1017 (S.D.N.Y. 1992), and *Bustamante v. Mukasey*, 531 F.3d 1059, 1062 (9th Cir. 2008).  *Id.* at 14.

11

The Court finds that Ms. Niknam has failed to allege a protected property or liberty interest in her sister's visa application. Numerous courts have found that a U.S. citizen has no protected liberty interest in the adjudication of her non-citizen relative's visa application. *See, e.g., Ali*, 2023 WL 3910249, at *7-8; *Begum*, 2022 WL 16575703, at *10; *Alshawy*, 2022 WL 970883, at *8; *Schwartz v. U.S. Dep't of Homeland Sec.*, 2021 WL 4133618, at *4-5 (D.D.C. Sept. 10, 2021). Ms. Niknam's cited cases do not support the proposition that a U.S. citizen has a protected liberty interest in the adjudication of her non-citizen sister's visa application. *Cruz* did not involve the adjudication of a relative's visa case, but rather involved the denial of social security disability benefits. *See Cruz*, 802 F. Supp. at 1016. In *Bustamante*, the Ninth Circuit held that the plaintiff had a protected liberty interest in the adjudication of her husband's visa application because marriage is a liberty protected by the Fifth Amendment. *Bustamante*, 531 F.3d at 1062. However, more recently, the Ninth Circuit held that an "adult citizen lacks a constitutionally protected liberty interest, protected by the Fifth Amendment's Due Process Clause, in the Government's decision whether to admit the citizen's unadmitted nonresident alien parent into the United States." *Khachatryan*, 4 F.4th at 862 (distinguishing *Bustamante's* holding as involving the marital relationship). Accordingly, the Court dismisses Ms. Niknam's due process claim with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Dismiss [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that plaintiff's first claim is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's second claim is **DISMISSED with prejudice**.  It is further

**ORDERED** that this case is closed.


DATED February 21, 2024.

<div style="text-align:right">

BY THE COURT:


  /s Philip A. Brimmer_____
PHILIP A. BRIMMER
Chief United States District Judge

</div>